**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ARISTA RECORDS LLC, et al.**                                                              **PLAINTIFFS**

**v.**                                      **4:08CV00371-WRW**

**DOES 1-30**                                                                                   **DEFENDANTS**

<u>**ORDER**</u>

Pending is Plaintiffs' Motion for Leave to Take Immediate Discovery (Doc. No. 7). For the reasons set out below, the Motion is GRANTED.

Plaintiffs own the copyrights in sound recordings, including the exclusive rights to reproduce the copyrighted recordings, and are suing Doe Defendants for copyright infringement.[1] Plaintiffs allege that Defendants have used, and continue to use, an online media distribution system to download or distribute copyrighted recordings to the public.[2] Plaintiffs assert that they are entitled to injunctive relief prohibiting the Defendants from infringing further on the copyrights.[3] Plaintiffs know the Internet Protocol ("IP") address of each Defendant, but not each Defendant's actual identity.[4]

In their Motion, Plaintiffs seek leave to serve limited, immediate discovery on the University of Arkansas -- the third party Internet Service Provider ("ISP") that provided internet access to each Defendant.[5] The ISP maintains a temporary log of internet subscriber activity, and can identify the actual names and addresses of the Doe Defendants when given each Defendant's IP address.[6]

---

[1] Doc. No. 1.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] Doc. No. 8.

[6] *Id.*

1

Plaintiffs are allowed, when circumstances require, to determine a Doe Defendant's identity through discovery. "Dismissal is not proper when it appears that the true identity of the defendant can be learned through discovery or court intervention."[7] Further, under Federal Rule of Civil Procedure 26(d), a court may allow expedited discovery when good cause is shown.[8] Here, Plaintiffs cannot proceed with their claims until they know the identity of the Doe Defendants. The allegations in Plaintiffs' complaint are specific enough to allow the Doe Defendants to be identified through discovery.

Plaintiffs may issue a subpoena to the University of Arkansas, under Federal Rule of Civil Procedure 45, seeking only information sufficient to identify the Doe Defendants' actual identities, addresses, telephone numbers, email addresses, and to obtain the identities of each John Doe. Any information disclosed to Plaintiffs in response to the subpoena may be used only for the purpose of protecting Plaintiffs' rights under the Copyright Act. The University of Arkansas is directed under 20 U.S.C. § 1232g(b)(2)(B) to disclose the information requested in the subpoena.

IT IS SO ORDERED this 6th day of June, 2008.


                                                    /s/Wm. R. Wilson, Jr.
                                                    UNITED STATES DISTRICT JUDGE

---

[7] *Porter v. Doe*, 938 F.2d 189 (8th Cir. 1991) (citing *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

[8] See Fed. R. Civ. P. 26(d).